UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**
   **Plaintiff,**

  v.              Case No. 00-CR-115

**JAMES HARRIS,**
   **Defendant.**

## DECISION AND ORDER

Defendant James Harris filed a motion for appointment of counsel to pursue a sentence reduction under 18 U.S.C. § 3582(c)(2) based on the recent amendment to the crack cocaine guidelines. Pursuant to the Administrative Order entered by the Chief Judge of this district, I referred the motion to Federal Defender Services, which indicated that upon review of defendant's case it would not file a motion or appoint counsel. Defendant has now filed a pro se request for a sentence reduction under § 3582(c)(2).

Section 3582(c)(2) provides that:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Eligibility for a reduction under this provision is triggered only by amendments designated for retroactive application in U.S.S.G. § 1B1.10(c). U.S.S.G. § 1B1.10 cmt. n.1. The Commission has included the recent crack amendments, 706 and 711, in § 1B1.10(c). Nevertheless,

> A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if–
>
> (A) None of the amendments listed in subsection (c) is applicable to the defendant; or
>
> (B) An amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

U.S.S.G. § 1B1.10(a)(2) (2007).

In the present case, while defendant pleaded guilty to conspiracy to distribute crack cocaine and his pre-sentence report ("PSR") originally set forth a drug weight of 1.5 kilograms of crack, pursuant to a stipulation between the parties I ultimately imposed sentence based on a drug weight of 15 to 50 kilograms of powder cocaine. This had the effect of lowering defendant's base offense level from 38 to 34. See U.S.S.G. § 2D1.1(c)(1) & (3) (2001). Following a 3 level reduction for acceptance of responsibility under § 3E1.1 and coupled with his criminal history category of II, I adopted an imprisonment range of 121-151 months and imposed sentence at the low end.

Because I did not employ the crack cocaine guidelines in setting defendant's offense level, amendments 706 and 711 to the crack guidelines do not apply to him. Consequently, his sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," making him ineligible for a reduction under § 3582(c)(2). Therefore, his request (R. 75) must be and hereby is **DENIED**.

Dated at Milwaukee, Wisconsin, this 15th day of April, 2008.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge